IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Petitioner,<br><br>vs.<br><br>BILLINGS PROBATION AND PAROLE, HELENA INTERSTATE COMPACT UNIT, MONTANA DEPARTMENT OF CORRECTIONS, MONTANA ATTORNEY GENERAL, PROBATION OFFICER LEA WEHONIG<br><br>Respondents. | CV 26-109-BLG-SPW<br><br>ORDER |

This matter comes before the Court on, yet another habeas corpus challenge filed by state pro se petitioner Wayne A. Hussar ("Hussar"). (Doc. 1.) Hussar alleges he was wrongfully accused of absconding from supervision on two separate occasions and that his parole was revoked without cause. (*Id.* at 1-2.) Hussar suggests it was actually his son, Wayne A. Hussar 3rd, who was residing and arrested in Florida in July of 2022, and not Hussar himself. (*Id.* at 2.) Hussar provides a "statement" from Wayne A. Hussar 3rd, but it appears to have been written and signed by Hussar. (*Id.* at 3.)

Hussar requests this Court order his immediate release, direct criminal charges be filed against Probation Officer Wehonig, and that he be awarded $10 million dollars in damages. (*Id.*)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; see also, 28 U.S.C. § 1915A(B)(1),(2) (the court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted).

The petition at hand is at least the fifth one Hussar has filed in this Court challenging the 2022 revocation of his parole.[1] The Court also recently denied a motion in which Hussar requested reconsideration of a 2024 order which dismissed a challenge to the 2022 state judgment of conviction as second or successive. *See*, *Hussar v. Wehonig et al.*, Cause No. CV 24-43-H-SPW, Ord. (D. Mont. Oct. 19,

---

[1] *See*, *Hussar v. McTighe*, Cause No. CV-23-60-BLG-SPW, Ord. (D. Mont. August 22, 2023)(considered and denied the petition for lack of merit); *Hussar v. Bludworth*, Cause No. CV-24-15-BLG-SPW, Ord. (D. Mont. Feb. 8, 2024)(petition dismissed as unauthorized second/successive petition); *Hussar v. Wehonig et al.*, Cause No. CV 24-43-H-SPW, Ord. (D. Mont. July 12, 2024)(dismissed petition as unauthorized successive petition); and, *Hussar v. Reich et al.*, Cause No CV-26-03-BLG-WWM, Ord. (D. Mont. Jan. 13, 2026)(dismissed matter as unauthorized successive petition).

2026).

For the reasons of which Hussar is well aware, the present petition must be dismissed. Hussar's 2022 judgment, imposed upon revocation, represents the only state criminal proceeding of which he seeks review. No matter how he has tried to appeal or modify the underlying sentence, the intent of Hussar's repeated actions has been to affect the outcome of his underlying criminal proceedings. That is the same purpose as his present petition. As Hussar has been previously informed, the Court lacks jurisdiction to consider any further challenges to Hussar's 2022 judgment unless and until the Ninth Circuit authorizes him to do so. *See, Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Absent such authorization, Hussar may not proceed in this Court.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). Because Hussar has not made the requisite showing, a certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Hussar's Petition (Doc. 1) is DISMISSED with prejudice as an unauthorized successive petition.

2. The Clerk of Court is directed, by separate document, to enter Judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

4. Absent receiving a contemporaneously filed authorization from the Ninth Circuit Court of Appeals, the Clerk of Court is directed not to accept any future filings from Hussar challenging his 2022 state revocation judgment.

DATED this 28th day of October, 2026.

Susan P. Watters
Susan P. Watters
United States District Court Judge